

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| RANDAL FREEMAN, § | |
|     Plaintiff, § | |
| vs. § | CIVIL ACTION NO. 3:25-3115-MGL |
| § | |
| SUMTER SCHOOL DISTRICT, § | |
|     Defendant. § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
DENYING PLAINTIFF'S SIX MOTIONS,
GRANTING DEFENDANT'S MOTION TO DISMISS,
DISMISSING PLAINTIFF'S FEDERAL CLAIMS,
AND REMANDING HIS STATE LAW CLAIMS
TO THE SUMTER COUNTY COURT OF COMMON PLEAS**

**I.   INTRODUCTION**

Plaintiff Randall Freeman (Freeman) filed this lawsuit against Defendant Sumter School District (the District). Freeman is representing himself.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court Freeman's motions to remand, for a temporary restraining order (TRO), for a preliminary injunction, and for financial reimbursement all be denied, and the District's motion to dismiss be granted. If the District's motion is granted, then Freeman's federal claims will be dismissed and his state law Freedom of Information Act (FOIA) claims will be remanded to the Sumter County Court of Common Pleas. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

## II.   FACTUAL AND PROCEDURAL HISTORY

In Freeman's complaint, he alleges, on March 18, 2025, he submitted a FOIA request to the District "seeking records regarding discrimination, retaliation, unethical hiring, bullying, and related matters involving [him] and his family." Complaint at 5. He states the District's April 1, 2025, response was improper and inaccurate. *Id.* at 5-6.

He further complains

> [The District] has continuously engaged in discriminatory and retaliatory conduct against [him], including exclusion from school property and activities in March 2025. Such actions have violated [his] civil rights, as detailed in a formal complaint dated March 15, 2025, and escalated further on March 25, 2025. Both incidents are under investigation by federal and state agencies, including the U.S. Department of Education OCR and DOJ Civil Rights Division, as well as the South Carolina Law Enforcement Division (SLED).

*Id.* at 6.

As detailed by the Magistrate Judge,

> [Freeman] originally filed his complaint in the Sumter County Court of Common Pleas, and [the District] removed the case based on federal question jurisdiction on April 11, 2025. [Freeman] has asserted five causes of action. His first three causes of action concern allegations . . . [the District] did not respond to his FOIA request properly. His fourth cause of action asserts "retaliation and obstruction" concerning the FOIA response, arguing . . . [the District's] response "constitute retaliatory actions in violation of Title VI. Title IX of the Civil Rights Act, and S.C. Code § 8-27-30." His fifth cause of action is for "violation of civil rights (unequal treatment and retaliation)," arguing . . . "[the District's] exclusion and unequal treatment of [him] documented in March 13, 2025[,] and March 25, 2025[,] communications constitute violations of [his] civil rights under Title VI, Title IX, 42 U.S.C. § 1983, and the Fourteenth Amendment."

Report at 2-3 (citations omitted).

Freeman has filed so many documents in this case, the following chart is the most efficient tool to assist the reader in following the relevant procedural history in this matter:

2

| | |
|---|---|
| May 14, 2025 | The Magistrate Judge filed the Report; |
| May 15, 2025 | Freeman filed his objections to the Report; |
| May 16, 2025 | Freeman filed what the Court has construed as supplemental objections to the Report; |
| May 27, 2025 | The District filed a reply to Freeman's objections and supplemental objections; |
| May 28, 2025 | Freeman filed a sur-reply to the District's reply to Freeman's objections; |
| August 22, 2025 | Freeman filed what the Court has construed as supplemental objections regarding his injunctive relief claims; |
| September 5, 2025 | The District filed a reply to Freeman's supplemental objections; |
| September 8, 2025 | Freeman filed a sur-reply to the District's reply to Freeman's supplemental objections. |

The Court has carefully considered all Freemen's objections, but holds them to be without merit. It will therefore enter judgment accordingly.

### III.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

3

IV.     **DISCUSSION AND ANALYSIS**

As a prefatory matter, several times in Freeman's pleadings, he appears to be attempting to bring claims on behalf of his family members. But, a "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975).

Freeman has failed to present any reason why the Court should decline to follow this general rule. Thus, the Court will consider only Freeman's individual claims. As such, any objections related to Freeman's family members will be overruled.

In the District's motion to dismiss, it argues the Court should dismiss Freeman's federal claims for failure to state a claim. The Magistrate Judge concurs, concluding Freeman "has failed to allege facts in support of his assertion . . . [the District] has violated his federal rights." Report at 6.

The District also contends in its motion to dismiss Freeman's "South Carolina FOIA claims . . . should be remanded to the South Carolina Court of Common Pleas in Sumter County." The District's Motion at 2. The Magistrate Judge agrees.

"The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). As another district court rightly put it, "[T]he strong federal custom . . . has been to [remand] those claims . . . to permit state courts to decide their own law, as is their prerogative." *United States ex rel. Scott v. Metro. Health Corp.*, 375 F. Supp.2d 626, 647 (W.D. Mich. 2005).

Freeman neglects to object to the Court remanding his state FOIA claims.

Freeman presents five objections to the Magistrate Judge's Report. First, he contends the Magistrate Judge "erroneously finds . . . [he] failed to plead sufficient facts to support municipal liability under [*Monell v. N.Y.C. Dep't of Soc. Servs.*], 436 U.S. 658 (1978)." Objections at 2. "In

4

reality," Freeman says, his "complaint and exhibits allege a consistent pattern of selective exclusion by school officials based on protected conduct[.]" *Id.*

"*Monell* permits suits against a municipality for a federal constitutional deprivation only when the municipality undertook the allegedly unconstitutional action pursuant to an 'official policy' or 'custom.'" *Starbuck v. Williamsburg James City Cnty. Sch. Bd.*, 28 F.4th 529, 532–33 (4th Cir. 2022).

Here are some of the ways for a plaintiff to allege an unconstitutional policy or custom:

> [a] policy or custom for which a municipality may be held liable can arise in four ways: (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that "manifest[s] deliberate indifference to the rights of citizens"; or (4) through a practice that is so "persistent and widespread" as to constitute a "custom or usage with the force of law."

*Id*. at 533 (citing *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003)).

As the Magistrate Judge stated in the Report, Freeman "has failed to allege any relevant policy or custom that impacted his rights. [His] unclear allegations of ongoing 'discriminatory and retaliatory conduct,' including being excluded from school property, [are] insufficient." Report at 7.

In Freeman's objections, he states he has been denied access to restricted areas at high school track meets. But, he fails to point to the existence of any policy or custom, which is required by *Monell*. He also contends there is "[e]vidence . . . these decisions were made or ratified by persons with final policymaking authority, including athletic directors and district leadership." Objections at 2. But, these conclusory allegations, without more, are insufficient to establish a federal claim under *Monell.*

Accordingly, the Court will overrule Freeman's first objection.

5

Second, Freeman maintains the Magistrate Judge "[i]mproper[ly] exclu[ded] . . . integral exhibits[.]" Objections at 2 (emphasis omitted) (capital letters standardized). As per Freeman, the Magistrate Judge "declined to consider exhibits attached to the complaint, stating they were not integral. However, under Fed. R. Civ. P. 10(c), written instruments attached to a pleading are part of the pleading. [His] exhibits were explicitly referenced in the complaint and form the basis for all federal claims." *Id*. (citation omitted).

The Court has made a de novo review of the documents and agrees with the Magistrate Judge's refusal to consider these documents. And, it is unnecessary for the Court to repeat that discussion here inasmuch as it will incorporate the Report into this Order. But, even if the Court considered the documents, it would hold they fail to allege sufficient facts to state a federal claim.

Consequently, the Court will also overrule Freeman's second objection.

Third, Freeman states the Magistrate Judge "misapplies the pleading standards by requiring [him] to prove claims at the Rule 12 stage." Objections at 3. According to Freeman, "[u]nder *Iqbal* and *Twombly*, [he] need only provide plausible claims supported by factual content." *Id*.

Freeman makes the following arguments:

- **Title VI:**   [Freeman] pled . . . Black parents and spouses of district staff were granted access without clearance, while [Freeman], a white parent with background clearance, was excluded.

- **Title IX:**   He was denied access to support his daughter's team while others in similar positions were not.

- **Equal Protection:** A class-of-one claim exists where [Freeman] was intentionally treated differently with no rational basis. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) ("lntentional disparate treatment of a class-of-one, without rational basis, violates the Equal Protection Clause.")

- **First Amendment:** [Freeman] engaged in protected activity (FOIA, civil rights complaints) and was then subjected to adverse action (exclusion), showing causality under *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533 (4th Cir. 2017).

*Id*.

In the Report, the Magistrate Judge states Freeman's "invocation of . . . federal laws does not sufficiently plead a federal cause of action." Report at 7. Then she explains why each of Freeman's federal claims must fail. *Id*. at 7-9. And, after having carefully reviewed Freeman's conclusory statements listed above, the Court is unpersuaded otherwise.

The Court agrees with the Magistrate Judge's discussion and analysis of these claims. And again, inasmuch as the Court will incorporate the Report into this Order, it is unnecessary for it to repeat the discussion here.

Suffice it to say the Court will overrule Freeman's third objection, too.

Fourth, Freemen argues the Magistrate Judge "incorrectly concludes . . . [he] failed to meet the *Winter v. NRDC*, 555 U.S. 7 (2008) test for injunctive relief." Objections at 3.

Injunctive relief is "intended to meet exigent circumstances[.]" *Ideal Toy Corp. v. Plawner Toy Mfg. Corp.*, 685 F.2d 78, 84 (3d Cir. 1982). It "is an extraordinary remedy never awarded as of right." *Winter,* 555 U.S. at 24. "[T]he party seeking [injunctive relief] must prove his own case and adduce the requisite proof, by a preponderance of the evidence, of the conditions and circumstances upon which he bases the right to and necessity for injunctive relief." *Citizens Concerned for Separation of Church & State v. City of Denver*, 628 F.2d 1289, 1299 (10th Cir. 1980).

"A plaintiff seeking [a TRO or a preliminary injunction] must establish . . . [1] he is likely to succeed on the merits, . . . [2] he is likely to suffer irreparable harm in the absence of preliminary

relief, . . . [3] the balance of equities tips in his favor, and . . . [4] an injunction is in the public interest." *Winter*, 555 U.S. at 20. The burden is on the party seeking injunctive relief to show he is entitled to the relief, as opposed to the burden being on the other party to show the movant is unentitled. *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 443 (1974).

The substantive standards for granting a request for a temporary restraining order and entering a preliminary injunction are the same. *See Virginia. v. Kelly*, 29 F.3d 145, 147 (4th Cir. 1994) (applying preliminary injunction standard to a request for temporary restraining order).

The Magistrate Judge's recommendation Freeman's motions for a TRO, for a preliminary injunction and for financial reimbursement be denied is based on his "fail[ure] to establish, at the least, a likelihood of success on the merits regarding his claims or that he is likely to suffer irreparable harm in the absence of preliminary relief." *Id*.

Freeman, on the other had, states, as to the likelihood of success on the merits prong, "[h]e has pled facially viable [federal] claims[.]" Objections at 3.

And as to the irreparable harm element, he argues

> [o]ngoing exclusion from participating as a parent and background-cleared volunteer causes continued emotional, reputational, and constitutional injury. The harm is not speculative or hypothetical-[he] remains actively barred from the restricted zones, including during Spring 2025 track events, undermining both his parental rights and participation rights. Ongoing exclusion from participating as a parent and background-cleared volunteer causes continued emotional, reputational, and constitutional injury.

*Id*.

In opposition to Freeman's motion, the District maintains

> [Freeman] has failed to establish any of [the *Winter*] elements at this stage of the litigation. . . . Freeman is not likely to succeed on the merits of his request . . . he be allowed to enter areas at school athletic events . . . he is not authorized to enter as a parent and spectator after he has engaged in threatening and inappropriate conduct. His efforts to compare himself to others allegedly visiting those areas must fail

> because there are no similarities in their circumstances; he has not identified anyone else who approached coaching staff in an aggressive and hostile manner, and about whom a parent had complained, and who still was allowed to go into unauthorized areas to interact with staff and students. Moreover, he cannot show . . . he will sustain irreparable harm in the absence of preliminary relief.
>
> He still may attend his children's athletic events, as well as other school events. He merely is being instructed not to be in unauthorized areas without prior approval. The equities do not weigh in . . . Freeman's favor, and the issuance of an injunction is not in the public interest. Protecting the well-being and security of school staff and students weighs in [the District's] favor.

The District's Response to Freeman's Motion for Injunctive Relief at 5.

Freeman's conclusory allegations of why he is entitled to injunctive relief, without more, are insufficient to persuade the Court the Magistrate Judge erred in suggesting the Court deny Freeman's motions for a TRO, for a preliminary injunction and for financial reimbursement.

It bears noting the Magistrate Judge and the Court have treated Freeman's motion for financial reimbursement as seeking injunctive relief. Freeman has failed to object to this characterization. But, even if the Court instead considered this motion as a legal claim for monetary relief, the Court would still deny it inasmuch as Freeman has failed to establish a clear right to such relief.

Hence, the Court will overrule Freeman's fourth objection, as well.

Fifth, Freeman insists the Magistrate Judge "both denies [his] motion to remand as 'moot' and recommends remand of state FOIA claims. This is inconsistent and legally flawed." Objections at 4.

Freeman's motion to remand seeks to remand both his federal and his state claims, which would be improper. *See Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1002 (9th Cir. 2001) ("[A] district court may not . . . remand a case in its entirety where there is subject matter jurisdiction over some portion of it[.]"). The Magistrate Judge recommends only Freeman's state FOIA claims be

remanded to state court. Thus, the Court holds the Magistrate Judge's recommendation as to the remand question to be both consistent and legally sound.

Therefore, the Court will also overrule Freeman's fifth objection.

## V.     CONCLUSION

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Freeman's objections, adopts the Report, and incorporates it herein. It is therefore the judgment of the Court Freeman's motions to remand, for a TRO, for a preliminary injunction, and for financial reimbursement are all **DENIED**; and the District's motion to dismiss is **GRANTED**, such that Freeman's federal claims are **DISMISSED WITHOUT PREJUDICE** and his state law FOIA claims are **REMANDED** to the Sumter County Court of Common Pleas.

\* \* \* \* \*

After the Magistrate Judge filed the Report, Freeman also filed motions to strike and to amend. The District filed responses in opposition to the two motions; and Freeman filed replies in support of them.

In Freeman's motion to strike, he urges the Court "to strike the appearance and all filings made by Mr. Allen D. Smith and the law firm of Halligan Mahoney Williams Smith Fawley & Reagle, P.A., for failure to establish lawful authority to represent the Defendant Sumter School District in this litigation." Freeman's Motion to Strike at 1. Freeman, however, provides neither legal authority nor factual evidence in support of his claim. Accordingly, the motion is **DENIED.**

Regarding Freeman's motion to amend, his proposed amended complaint alleges the following five claims:

1.     Count 1     Violation of 42 U.S.C. § 1983 (*Monell* Liability);

2.     Count II     Violation of Title VI of the Civil Rights Act (42 U.S.C. § 2000d);

3.     Count III    Violation of Title IX (20 U.S.C. § 1681);

4.     Count IV      First Amendment Retaliation; and

5.     Count V      Fourteenth Amendment–Equal Protection and Due Process.

Yes, as Freeman notes, Rule 15 of the Federal Rules of Civil Procedure states a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). But, courts may deny leave to amend a pleading if the proposed amendments would be futile. *Save Our Sound BOX, Inc. v. N.C. DOT*, 914 F.3d 213, 228 (4th Cir. 2019). "A proposed amendment is futile when it is clearly insufficient or frivolous on its face . . .[or] if the claim it presents would not survive a motion to dismiss." *Id.* (citations omitted) (internal quotation marks omitted).

Freeman's amended complaint suffers from both defects: "it is clearly insufficient [and] frivolous on its face . . . [and] the claims] it presents would not survive a motion to dismiss." *Id.* (citations omitted) (internal quotation marks omitted).

This is so because, although Fed. R. Civ. P. 8(a)(2) lacks any requirement a plaintiff must provide detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As such, "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (citations omitted) (internal quotation marks and alteration omitted).

Simply put, Freeman's proposed amendments would be futile, inasmuch as his conclusory "the-defendant-unlawfully-harmed-me accusations]," *id.*, fail to state any viable federal claims against the District. Consequently, Freeman's motion to amend is **DENIED**.

11

**IT IS SO ORDERED**.

Signed this 17th day of November, 2025, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

Freeman is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.